```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.: 15-61701-Civ-GAYLES
                                        15-23055-Civ-COOKE[1]
                              MAGISTRATE JUDGE P. A. WHITE
WILLIAM ELIENIST,

     Petitioner,

vs.                                     REPORT OF
                                        MAGISTRATE JUDGE
JOEL T. MICKELSON,

     Respondent.
                                    /
```

I. Introduction

William Elienist, while confined at the Krome Service Processing Center in Miami, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his continued detention by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("ICE").

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts. Pursuant to Rule 1(b) of the Rules Governing Section 2255 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. §2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. §2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" Trimble v. Allen, 2011 WL 672335, *1 (M.D.Ga. 2011)(quoting Ugwu v. Holder, 2010 WL

---

[1] Although noted on this Report, this case number has been administratively closed by the Clerk of Court because the wrong venue was selected. As a result, the petition and pending motions were terminated, and a new case number, 15-61701-Civ-Gayles was opened instead. Thus, this Report is addressed solely as to the 15-61701-Civ-Gayles case.

5476712 (N.D.Ga. Nov. 29, 2010)).

The court has consider the instant petition (DE#1), together with the record of petitioner's underlying criminal case before this court, in <u>United States v. Elienist</u>, Southern District of Florida, Case No. 01-6152-Cr-Dimitrouleas.[2]

## II. <u>Discussion</u>

Petitioner was initially charged with and pleaded guilty in case no. 01-6152-Cr-Dimitrouleas, to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and possession of counterfeit currency. (Cr-DE#126). He was adjudicated guilty and sentenced to a term of 120 months imprisonment as to the conspiracy offense and a concurrent 97 months imprisonment as to the possession offense, to be followed by a total of 5 years supervised release. (<u>Id</u>.). No direct appeal was prosecuted. Instead, he filed an initial motion to vacate, pursuant to 28 U.S.C. §2255, assigned case no. 03-60011-Civ-Dimitrouleas, which was denied on the merits on January 10, 2003. A second §2255 motion, assigned case no. 03-60084-Civ-Dimitrouleas, was denied as successive.

Careful review of the underlying criminal case, together with the facts set forth by petitioner in this proceeding, confirms that petitioner was released from imprisonment and commenced the supervised release portion of his sentences on **July 28, 2010**. (Cr-DE#146).

Petitioner also concedes that an order of removal was entered and became final on **August 13, 2010**. However, when ICE made a

---

[2]The court may take judicial notice of its own records in habeas proceedings. <u>See</u> <u>McBride v. Sharpe</u>, 25 F.3d 962, 969 (11th Cir. 1994); <u>Allen v. Newsome</u>, 7985 F.2d 934, 938 (11th Cir. 1986); <u>see also</u>, <u>Fed.R.Evid</u>. 201.

request to the Bahamian Embassy for travel documents, the request was denied by the Bahamian government on the basis that, while petitioner may have been a native of the Bahamas, in order to become a citizen, a child born in the Bahamas, to non-Bahamian citizens, like petitioner, was required to register to be recognized as a Bahamian citizen upon reaching 18 years of age or older. Since he did not do so, the Bahamian government denied the request for travel documents.

Since his parents were Haitians, petitioner explains that he then requested the Haitian government to provide him with travel documents in order carry out his removal from the United States. However, petitioner states the Haitian government denied the request, stating that petitioner was not a Haitian citizen; and, therefore, he would not be accepted if removed to Haiti. As a result, petitioner concedes he was released from ICE custody on **May 19, 2011** on order of supervision.

During that time, petitioner was serving the term of supervised release imposed in his underlying criminal case until his re-arrest on **August 29, 2013,** based on a petition for violating the conditions of supervised release. (Cr-DE#s146,148). The petition revealed petitioner had violated the conditions of supervised release imposed in the underlying criminal case on May 22, 2013 and June 3, 2013 by testing positive for marijuana. (Id.).

On October 3, 2013, following a final revocation proceeding, the district court entered a judgment and order revoking petitioner's previously imposed supervised release and then reimposed a new, 5-year term of supervised release, in addition to a 5-month term of home confinement, as to the May 22, 2013 supervised release violation. (Cr-DE#146,148). The government dismissed the June 3, 2013 supervised release violation. (Cr-

DE#164). Thus, while it appears that the confinement portion of his sentence has been completed, it is also evident that the term of supervised release is not due to expire until **May 22, 2018**. Thus, while he is currently in ICE custody, it is also clear his federal sentence has not expired. However, although in ICE custody, as will be discussed below, he is not entitled to the relief requested.

Before petitioner's supervised release portion of his sentence was completed, he states he was re-arrested on **July 10, 2015**. Petitioner suggests, under penalty of perjury here, that he was never arrested or taken into custody for any criminal charges and "successfully completed the five years supervision terms." This allegation, however, is clearly refuted by the record, as detailed previously in this Report. He suggests that since his removal order became final on August 13, 2010, the 6-month presumptive reasonable period for his removal ended in February 2011. Thus, petitioner concludes that his continued confinement is unlawful.[3] Thus, the issue before this Court is whether petitioner's continued detention

---

[3]Petitioner is not challenging his order of removal, only his continued detention. And, if he were also challenging the validity of his final order of removal, this Court would have no jurisdiction over such a challenge. Pursuant to 28 U.S.C. §2241, alien detainees can properly challenge "the extent of the Attorney's General's authority" to detain a removable alien under the general detention statutes. Zadvydas v. Davis, 533 U.S. 678, 687-88, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). However, pursuant to the REAL ID Act of 2005, which amended the Immigration and Nationality Act ("INA"), jurisdiction over final removal orders is vested with the court of appeals. Section 1252(a)(5) of Title 8 states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision ..., a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter ....

8 U.S.C. §1252(a)(5). Thus, after the REAL ID Act, "a petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order." Alexandre v. U.S. Att'y Gen., 452 F.3d 1204, 1206 (11th Cir. 2006), *citing*, 8 U.S.C. §1252(a)(5), as amended by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). See also Madu v. U.S. Att'y Gen., 470 F.3d 1362, 1366 (11th Cir. 2006).

is unlawful, entitling him to habeas relief pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687-88, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) and its progeny.

Pursuant to 8 U.S.C. §1231(a), an alien ordered removed, shall be removed within a period of ninety days of (1) the date that the order of removal becomes administratively final, (2) the date of a reviewing court's final order if the removal order is judicially reviewed and the court orders a stay of the alien's removal, or (3) the date that the alien is released from detention or confinement other than by way of an immigration process. <u>See</u> 8 U.S.C. §1231(a)(1)(A)-(B). The statute provides that the removal period shall be extended beyond a period of ninety days and the alien may remain in detention during such extended period if he fails or refuses to make a timely application in good faith for travel or other documents necessary for his departure. 8 U.S.C. §1231(a)(1)(C). <u>See also</u> <u>Fahim v. Ashcroft</u>, 227 F.Supp.2d 1359, 1364 (N.D.Ga. 2002).

In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize the immigration officials to hold removable aliens in custody indefinitely. While a removable alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless immigration officials can show that there is a "significant likelihood of removal in the reasonably foreseeable future." <u>Zadvydas</u>, 533 U.S. at 698-701. Thus, to be granted relief from a post-removal order detention pursuant to <u>Zadvydas</u>, a petitioner must first show that he has been detained beyond the six month period declared by the Supreme Court to be a presumptively reasonable time to detain a removable alien. <u>Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1051-52 (11th Cir. 2002). He must next provide

evidence to believe that there is no significant likelihood of removal in the foreseeable future. Zadvydas, 533 U.S. at 698-701; Akinwale, 287 F.3d at 1052.

The petitioner in this case fails to satisfy either requirement in Akinwale. At the time that petitioner filed the instant petition, he was still within his removal period. Regardless of how long the removal period actually lasts, Zadvydas only applies once the ninety-day period passes after the removal period ends. Zadvydas, 533 U.S. at 701; see Akinwale, 287 F.3d 1050, 1052-53 n.4 (11th Cir. 2002)(finding that, unlike the aliens in Zadvydas, petitioner chose to simultaneously challenge issues related to his removal order and his post-removal period detention, therefore, Akinwale did not have even an unencumbered month of detention prior to filing his §2241 petition, let alone the requisite six months).

Here, as indicated by the above-reviewed record, petitioner's removal period, at least at the time of the filing of the instant petition and apparently still, was suspended due to the fact that he was released from ICE custody, by petitioner's own admissions from 2011 until his re-arrest on July 10, 2015. Thus, by his own admissions, the 6-month period has not expired and dismissal of his petition is now warranted. This is so because the Eleventh Circuit has made clear in Akinwale that the six-month period of time must have expired at the time the §2241 petition is filed in order to state a Zadvydas claim. Akinwale, 287 F.3d at 1052.

Even if this Court were to find that petitioner has satisfied the first prong of Zadvydas (i.e., detention beyond the six-month removal period), he has nevertheless failed to satisfy the second prong. Petitioner has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. See

Akinwale, 287 F.3d at 1052. By petitioner's own admissions, he has not presented any evidence that his removal is being hindered by any U.S. government action. In fact, there is nothing of record to suggest that following his July 2015 arrest, the petitioner can convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future. As aptly stated by the District Court for the Northern District of Georgia in Fahim, "[t]o the extent that the petitioner may hold, in part, the keys to his jail cell, he cannot complain, when he hides those keys, about his continued detention." Fahim, 227 F.Supp.2d at 1366 (finding Egyptian petitioner's bare allegations insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future). Consequently, petitioner fails to make a claim under Zadvydas.[4]

Thus, petitioner's assertions are wholly conclusory without any substantiation in the record except for petitioner's own self-serving allegations. The statements, therefore, do not require consideration by this Court let alone entitle petitioner to any relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001)(vague, conclusory allegations in a §2255 motion are insufficient to state basis for relief); Tejada v. Dugger, 941 F.2d

---

[4] Other federal courts have recognized that an alien's acts of delaying removal or failure to assist in the procurement of a travel document extends the removal period. See, e.g., Lema v. INS, 341 F.3d 853 (9th Cir. 2003)(affirming district court's denial of petition for writ of habeas corpus and holding petitioner's misrepresentation of his nationality, failure to contact the Ethiopian consulate, and failure to provide evidence such as affidavits of family members, extended the statutory removal period); Pelich v. INS, 329 F.3d 1057 (9th Cir. 2003)(affirming district court's denial of habeas petition, reasoning that the removal period was extended by Petitioner's refusal to provide accurate information regarding his parents and his refusal to complete Polish passport application); Powell v. Ashcroft, 194 F.Supp.2d 209 (E.D.N.Y. 2002)(denying petition for writ of habeas corpus and holding that Petitioner's acts of providing a false name, place of birth, and date of entry extended the removal period during the time of his noncooperation); Sanusi v. INS, 2003 WL 21696945 (E.D.N.Y. 2003)(denying petition for writ of habeas corpus and holding statutory removal period extended by alien's act of seeking stay of removal and court of appeals review)(unpublished).

1551, 1559 (11th Cir. 1991)(recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)).

In sum, petitioner has failed to present any facts or arguments entitling him to relief from this Court in this habeas corpus proceeding. More specifically, he has not shown facts indicating that ICE is incapable of executing his removal order and that his detention will be of an indefinite nature. Accordingly, dismissal of the instant petition is warranted. Because circumstances may ultimately change in petitioner's situation, the dismissal should be without prejudicing petitioner's ability to file a new §2241 petition in the future that may seek to state a claim upon which habeas relief can be granted. See Akinwale, 287 F.3d at 1052.

### III. Conclusion

It is therefore recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 be denied without prejudice to petitioner's right to file a future petition if circumstances change.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   William Elienist, Pro Se
      Alien #A075383294
      Krome Service Processing Center
      Inmate Mail/Parcels
      18201 SW 12th Street
      Miami, FL 33194
```